Thomas M. Daniel
TDaniel@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

John R. Tyler *(pro hac vice to be filed)*
RTyler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| In the Matter of the Search of: | Case No. |
|---|---|
| Google Email Accounts identified in Attachments A and B | **FILED UNDER SEAL** |

**NON-PARTY GOOGLE INC.'S MOTION TO AMEND SEARCH WARRANT UNDER 18 U.S.C. § 2703 AND CORRESPONDING MOTION TO UNSEAL UNDER D. ALASKA L.R. 5.4(a)(7)**

## I. INTRODUCTION

On March 3, 2015, this Court issued an order denying the Government's application for a search warrant seeking Gmail content. *In re Search of Google Email Accounts Identified in Attachment A*, No. 3:14-mk-00387 KFM, 2015 WL 926619 at *1 (D. Alaska Mar. 3, 2015) ("Alaska Gmail Order"). The Government's application represented that Google objected to a prior search

GOOGLE'S MOTION TO AMEND
WARRANTS AND UNSEAL MOTION
Case No.

41063-0096/LEGAL125361261.1

warrant because it was unable "to comply with the date range limitation set forth in the warrant." *Id.* at *3. That was untrue. Google regularly complies with legal process limited by date range. Google instead objected because the Warrant directed Google to produce only communications with a minor, a person purporting to be or have access to a minor, or which otherwise related to the "enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense." Google objected because it has no way to filter any production for such communications and it told the Government so with its objection.

Google fully supports this Court's efforts to limit disclosure of information for which the government has not established probable cause. The Government has drafted warrant applications in this district in the past that limit the scope of production, and courts of course can impose ex ante limitations on review of the production. *See* Declaration of Despina Papageorge in Support of Non-Party Google Inc.'s Motion to Amend Search Warrant and Unseal Motion ("Papageorge Decl."), Exs. D-E. But it is unduly burdensome to ask Google to make subjective evidentiary determinations and Google has no means to do so.

Google accordingly moves this Court to amend the warrant to incorporate whatever ex ante procedures it deems appropriate to protect the user's Fourth Amendment rights and Google stands ready to produce according to the date range specified in the warrant. Google also moves this Court to unseal this motion and the Court's resulting order, in the interest of justice and to correct the record, which contained incorrect representations by the Government attributable to

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Google regarding Google's ability to produce records within a specified date range.

## II. FACTUAL BACKGROUND

On November 20, 2014, Google received a search warrant (the "Warrant") and attached sealing order seeking communications and other information associated with six Gmail accounts.[1] (Papageorge Decl., Exs. A-B). In relevant part, the warrant directed Google to disclose from those accounts:

> [A]ll electronic or wire communications with a minor or any person purporting to be a minor, or claiming to have access to a minor, or otherwise involve the enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense (including email, text, attachments, and embedded files) in electronic storage by the PROVIDER, or held by the PROVIDER as a remote computing service (if any), within the meaning of the Stored Communications Act;
>
> [A]ll photos, files, data, or other information in whatever form and by whatever means they have been created or stored relating to a minor, or individuals claiming to have access to a minor, or that otherwise involve the enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense.

(Papageorge Decl., Ex. A).

As drafted, the Warrant would require Google to determine as to each email if a participant was a minor or purported to be a minor, or if the communication qualified as criminal enticement. Google lacks sufficient context to make these determinations; accordingly, on December 2, 2014, Google objected to the

---

[1] The Warrant and sealing order are part of a sealed proceeding, Case No. 3:14-mj-00352 KFM. (Papageorge Decl. Exs. A-B).
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Warrant because it "is not capable of identifying the specific records responsive to your request as currently described in the warrant." (Papageorge Decl., ¶ 3, Ex. C). Google stated that its production "must adhere to the stated limits of the warrant," and thus "require[d] amended or re-issued process." *Id*. Google's objection directed the Government to Department of Justice guidance on searching and seizing digital evidence for an example of how to draft the section of an email search warrant regarding the items to be seized. *Id*. On December 18, 2014, and again on January 6, 2015, Special Agent Jolene Goeden sent an email stating she had reviewed the DOJ manual and she still had a question regarding the issue with her warrant. (Papageorge Decl., ¶ 3, Ex. C). On January 7, 2015, Google left Agent Goeden a voicemail message explaining that Google had objected to the warrant because it is unable to make subjective evidentiary determinations about the nature of email content. (Papageorge Decl., ¶ 4).

On March 3, 2015, this Court issued an order denying the Government's application for an amended warrant. *Alaska Gmail Order*, 2015 WL 926619 at *1. According to the order, the Government inaccurately represented that Google objected to the narrow date range contained in the original warrant. *Id*. at *3.

Google now files this motion to correct the record.

### III. ARGUMENT

Pursuant to 18 U.S.C. § 2703(d) of the federal Stored Communications Act, which governs the Warrant in this case, "[a] court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if . . . compliance with such order otherwise would cause an undue burden on such provider." 18 U.S.C. § 2703(d); *see also In re Warrant to Search a*

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

GOOGLE'S MOTION TO AMEND
WARRANTS AND UNSEAL MOTION
Case No.

-4-

41063-0096/LEGAL125361261.1

*Certain E-Mail Account Controlled and Maintained by Microsoft Corp.*, 15 Supp. 3d 466 (S.D.N.Y. 2014) (entertaining the merits of Microsoft's motion to quash search warrant issued pursuant to the SCA). Google hereby moves this court to modify the warrant because compliance would cause an undue burden, for the reasons set forth below.

**A.  Google Is Not Competent to Determine the Relevance or Evidentiary Value of the Targeted Emails, And Forcing it To Do So Would Be Unduly Burdensome**

The Warrant requires Google to review communications sent from and to the targeted accounts and make determinations both as to whether those emails reflect communications with or enticement of a minor, as well as whether such enticement qualifies as a criminal offense. (Papageorge Decl., Ex. A). But as a non-party that knows nothing about the facts of this case, Google cannot make either determination.[2]

Unlike "an agent steeped in the investigation," Google is "incapable" of "recogniz[ing] the significance of particular language in emails." *New York Gmail Order*, 33 F. Supp. 3d at 395. For example, this Court's prior order mentions the significance of Craigslist advertisements to this investigation. *See Alaska Gmail Order*, 2015 WL 926619 at *1-2. But the Warrant Google received provides no such insight, and Google thus would miss "[s]eemingly innocuous or commonplace language [that] could be the direct evidence of illegality the

---

[2] Google can, of course, "cull emails from an email account" where the limitation does not require the exercise of discretion; for example, it can "disclos[e] all emails from a particular time period." *In the Matter of a Warrant for All Content and Other Information Associated with the Email Account xxxxxx gmail.com*, 33 F. Supp. 3d 386, 394 (S.D.N.Y. 2014) ("New York Gmail Order").

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Government hoped to uncover." *Id.* This likely remains, as "the Government might be prevented from providing relevant investigative information to the email host[.]" *New York Gmail Order*, 33 F. Supp. 3d at 395. And of course, Google cannot unilaterally make legal determinations about whether particular emails qualify as criminal acts.

Nor should Google have to. Indeed, if Google had to make evidentiary determinations prior to producing records in response to search warrants, "the burden on Google would be enormous because duplicating the Government's efforts might require it to examine every email." *New York Gmail Order*, 33 F. Supp. 3d at 394; *United States v. Deppish*, 994 F. Supp. 2d 1211, 1220 (D. Kan. 2014) ("[H]aving YAHOO technicians search for the information requested would have placed an unreasonable burden on YAHOO . . ."); *see also United States v. Hill*, 459 F.3d 966, 978 (9th Cir. 2006) ("There is no way to know what is in a file without examining its contents, just as there is no sure way of separating talcum from cocaine except by testing it."). It would also "put [Google's] employees in the position of appearing to act as agents of the Government vis-à-vis [its] customers." *New York Gmail Order*, 33 F. Supp. 3d at 395.

Because Google is not "steeped in the investigation," *see id.*, it might erroneously determine that a particular email reflects criminal enticement when in fact the email is merely in poor taste or fails to qualify as evidence of a criminal act. Yet by disclosing information outside of the scope of the warrant, Google could implicate the SCA, a federal criminal law that prohibits Google from disclosing the content of electronic communications except as required by a search warrant based on probable cause. 18 U.S.C. § 2702(a)(1),(2); *United States v.*

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

GOOGLE'S MOTION TO AMEND WARRANTS AND UNSEAL MOTION
Case No.

-6-

41063-0096/LEGAL125361261.1

*Warshak*, 631 F.3d 266, 288 (6th Cir. 2010). Google should not be forced to make this choice.

The Government, not Google, is the proper party to conduct the search. *New York Gmail Order*, 33 F. Supp. 3d at 395; *see also United States v. Ulbricht*, No. 14–cr–68 (KBF), 2014 WL 5090039 at *14-15 (S.D.N.Y. Oct. 10, 2014) (accord). Accordingly, the Court should amend the Warrant so that Google is not required to make evidentiary or relevance determinations regarding the nature of the communications sought.

**B.   The Court Can Order the Government to Conduct the Search While Imposing Search Restrictions Consistent With the Fourth Amendment**

Google appreciates this Court's efforts to track "the Ninth Circuit's admonishment for 'greater vigilance . . . in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures[.]'" *Alaska Gmail Order*, 2015 WL 926619 at *7 (citing *United States v. Comprehensive Drug Testing*, 621 F.3d 1162, 1177 (9th Cir. 2010) (*en banc*) ("CDT"). Indeed, in many cases an unrestricted warrant "would be nothing more than a 'vehicle to gain access to data for which the government has no probable cause to collect.'" *In re U.S.'s Application For A Search Warrant To Seize and Search Electronic Devices From Edward Cunnius*, 770 F. Supp. 2d 1138, 1145 (W.D. Wash. 2011) (quoting *CDT*, 621 F.3d at 1177). Here, the Court can choose from a variety of minimization procedures to ensure the search remains consistent with the Fourth Amendment without requiring Google to conduct the search on the Government's behalf.

For example, the Court could require the Government to establish a "search protocol [] designed to uncover only the information for which it has probable cause," and require that "only that information may be examined by the case agents." *CDT*, 621 F.3d at 1180 (Kozinski, J., concurring). The Court could "appoint[] a special master with authority to hire an independent vendor to use computerized search techniques to review the information for relevance and privilege." *In Matter of Search of Information Associated with Facebook Account Identified by Username Aaron.Alexis*, 21 F. Supp. 3d 1, 11 (D.D.C. 2013) ("In re Facebook Account"). Or, if the Government performs the search, it could "agree in the warrant application that [its own] computer personnel will not disclose to the investigators any information other than that which is the target of the warrant." *CDT*, 621 F.3d at 1180. The Court could also require the government to "waive reliance on the plain view doctrine" for purposes of this search, and to "destroy or, if the recipient may lawfully possess it, return non-responsive data, keeping the issuing magistrate informed about when it has done so and what it has kept." *Id*. Other courts have suggested and used these minimization techniques to "curb excessive searches and seizures" in the context of digital evidence. *In re Facebook Account*, 21 F. Supp. 3d at 11.

Indeed, Department of Justice guidance suggests a two-step process in which the communications provider can be compelled to disclose one set of communications, while the Government is only entitled to seize a narrow set of those communications for which it has established probable cause. *See, e.g.,* DEP'T OF JUSTICE, COMPUTER CRIME AND INTELLECTUAL PROPERTY SECTION CRIMINAL DIVISION, SEARCHING AND SEIZING COMPUTERS AND OBTAINING ELECTRONIC

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

GOOGLE'S MOTION TO AMEND WARRANTS AND UNSEAL MOTION
Case No.

-8-

41063-0096/LEGAL125361261.1

EVIDENCE IN CRIMINAL INVESTIGATIONS at 261 (2009). For example, the Warrant could require Google to disclose all communications in the targeted accounts, limited by date range or another non-discretionary parameter (such as sender/recipient). *Id.* Next, the Warrant could permit the government to only seize those communications which reflect evidence of criminal enticement. *Id.* If necessary, the Court could also employ any of the minimization procedures suggested by Chief Judge Kozinski's concurrence in *CDT*. 621 F.3d at 1180. The Government, for its part, has in the past obtained warrants incorporating similar minimization procedures in this District. (Papageorge Decl., Ex. D-E). Notably, these warrants sought records limited by date range, to which Google did not object. *Id.*

Accordingly, Google asks this court to amend the Warrant to relieve Google from the burden of making evidentiary determinations in a criminal investigation, and instead utilize one (or more) of these alternative minimization procedures.

**C.    In the Interests of Justice, the Court Should Unseal this Motion and its Resulting Order**

Google also moves this Court to unseal this motion, as well as any Order the Court issues regarding this motion.[3] D. Alaska L. R. 5.4(a)(6) ("The court

---

[3] Google has not received a non-disclosure order under section 2705 of the SCA. *See* 18 U.S.C. § 2705(b) (Government can only prohibit disclosure by following described procedures and obtaining an order stating there is a likelihood of an enumerated "adverse result.") Google therefore would notify the impacted users under its notice policy before disclosing any responsive user data, unless it obtains a properly-scoped order that prohibits disclosure for a defined period of time consistent with the SCA and the First Amendment. 18 U.S.C. § 2705(b); *In the Matter of the Grand Jury Subpoena For: [REDACTED]@Yahoo.com*, No. 5:15-cr-90096-PSG, ___ F. Supp. 3d

may, upon the motion of any party or upon its own volition after notice to the parties, order any document filed under seal to be unsealed.").

There is a presumed right of access to virtually all proceedings and records in a criminal case. *Seattle Times Co. v. U.S. Dist. Court*, 845 F.2d 1513, 1516 (9th Cir. 1988). Consistent with that presumed right, "[m]otions to unseal judicial proceedings and orders ruling on those motions have historically been open to the public." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1096 (9th Cir. 2014). This presumption may only be overcome if (1) sealing serves a compelling interest; (2) there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13-14 (1986).

While the Government may have a compelling interest in preventing disclosure that would jeopardize an ongoing criminal investigation, unsealing Google's motion and any resulting order presents no such risk. There is no "substantial probability" that such disclosure of Google's motion and the Court's resulting order will jeopardize the investigation. *Index Newspapers, LLC*, 766 F.3d at 1096 (finding "no substantial probability that the government's interest will be harmed by disclosure of the filings related to *The Stranger's* motion to unseal" in proceedings ancillary to grand jury investigation.) Indeed, the court has already

---

\_\_\_, 2015 WL 604267, at *1 (N.D. Cal. Feb. 5, 2015) (rejecting government request for indefinite non-disclosure order, stating: "[R]ather than requesting that Yahoo! be gagged for 60 days, 90 days or some other fixed period, the government wants Yahoo! gagged 'until further order of the Court.' Because such an indefinite order would amount to an undue prior restraint of Yahoo!'s First Amendment right to inform the public of its role in searching and seizing its information, the court DENIES the government's application.").

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

issued a publicly accessible order regarding the Warrant in this matter, drafted "in a manner designed not to compromise that investigation." *Gmail Alaska Order*, 2015 WL 926619 at *1. Google's motion is similarly drafted—necessarily so, considering Google has no knowledge of the facts—and raises nothing that would require this Court to address anything that would compromise the investigation. And if there is some risk of which Google is unaware, the Court could mitigate harm by redacting the compromising portions of its motion or the Order. *See, e.g., Index Newspapers LLC*, 766 F.3d at 1095 (9th Cir. 2014) (in proceedings ancillary to grand jury investigation, "redaction is an adequate alternative to closure . . . and is preferred given our strong tradition of open court proceedings").

Moreover, the interests of justice support unsealing this motion and any resulting order. The Government's claim that Google objected to the Warrant as too narrow has garnered public attention from privacy advocates alarmed that Google would object to a narrow, date-limited request.[4] This claim is incorrect: Google prefers date limitation and frequently engages in narrowing discussions with law enforcement. (Papageorge Decl., Ex. F) ("[W]e often successfully narrow the scope of requests."). Indeed, Google considers transparency with respect to law enforcement requests for user communications a core value. (Papageorge

---

[4] *See, e.g.,* Tim Cushing, *Google Denies Narrow Warrant Request for Emails; Government Responds BY Asking For Everything Ever*, Techdirt (Mar. 12, 2015) (available at https://www.techdirt.com/articles/20150306/19462730235/google-denies-narrow-warrant-request-emails-government-responds-asking-everything-ever.shtml); Caspar Bowden, Twitter.com (Mar. 7, 2015) ("Google refuses to comply with narrow warrant, wants to hand over ALL account data beyond probable cause") (available at https://twitter.com/CasparBowden); Chris Soghoian, Twitter.com (Mar. 7, 2015) ("Law enforcement claims Google refused to comply with a narrowly written warrant for emails.") (available at https://twitter.com/csoghoian/status/573937636592779265).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Decl., ¶ 7). Twice a year, Google publishes a Global Transparency Report detailing its practices, including how many requests it receives from government agencies and how many accounts were affected. (Papageorge Decl., ¶ 7, Ex. F.) By claiming that Google rejected the Warrant as too narrow, the Order suggests that Google contradicted its values. This is incorrect. Unsealing this motion and any resulting order would correct the record with respect to Google's practices.

## IV. CONCLUSION

For the reasons stated above, Google respectfully requests the Court to amend the Warrant to relieve Google from the burden of making evidentiary determinations regarding the sought after content, while employing minimization procedures to ensure the search and seizure remains consistent with the Fourth Amendment. In the interests of justice and consistent with the presumed right of access under the First Amendment, Google also requests that the Court also unseal this motion and any ruling thereon.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

GOOGLE'S MOTION TO AMEND　　　-12-　　　41063-0096/LEGAL125361261.1
WARRANTS AND UNSEAL MOTION
Case No.

DATED: March 17, 2015.

**PERKINS COIE LLP**

s/ Thomas M. Daniel
Thomas M. Daniel
Alaska Bar No. 8601003

s/ John R. Tyler
John R. Tyler *(pro hac vice to be filed)*
Washington Bar No. 42097

Attorneys for Non-Party
GOOGLE INC.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

GOOGLE'S MOTION TO AMEND
WARRANTS AND UNSEAL MOTION
Case No.

-13-

41063-0096/LEGAL125361261.1