IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Search of<br><br>Google Email Accounts. | Case Nos. 3:14-mj-00352 KFM<br>3:15-mc-00009-KFM<br><br>**ORDER GRANTING MOTION FOR**<br>***EX ANTE* AMENDMENTS TO SEARCH**<br>**WARRANT 3:14-mj-00352-KFM AND**<br>**MOTION FOR UNSEALING** |

### I. MOTION PRESENTED

Before the Court is Google, Inc.'s (Google's) motion in case 3:15-mc-00009-KFM,[1] which relates to a series of search-warrant applications filed by the government to obtain the contents of six Gmail accounts. Google seeks an order modifying its production duties under search warrant 3:14-mj-00352-KFM, and asks that its filing and any order that follows be unsealed.

This order grants Google's request for *ex ante* amendments to search warrant 3:14-mj-00352-KFM, and absolves Google of any responsibility to review email content. Because the order addresses matters related to an ongoing government investigation, it has been drafted in a manner designed not to compromise that investigation. A separate, contemporaneous order filed under seal outlines without redaction this Court's *ex ante* amendments to search warrant 3:14-mj-00352-KFM. Finally, Google's request that all filings in connection with this order be unsealed is granted, with one exception.

### II. BACKGROUND

This Court issued a search warrant in *In the Matter of the Search of Google Email Accounts*, 3:14-mj-00352-KFM (the first warrant). The first warrant directed Google to provide

---

[1] Docket No. 2, 3:15-mc-00009-KFM.

the government with email correspondence from six Gmail accounts that were exchanged during brief periods of time these accounts were used to respond to Craigslist advertisements posted by [Redacted poster]@yahoo.com that solicited sexual encounters with minors. Specifically, for these narrow periods of time, the warrant directed Google to produce:

> [T]he contents of electronic or wire communications held in the SUBJECT ACCOUNTS, including:
>
> a) all electronic or wire communications with a minor or any person purporting to be a minor, or claiming to have access to a minor, or that otherwise involve the enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense (including email text, attachments, and imbedded files) in electronic storage by the PROVIDER, or held by the PROVIDER as a remote computing service (if any), within the meaning of Stored Communications Act;
>
> b) all photos, files, data, or information in whatever form and by whatever means they have been created or stored relating to a minor, or individuals claiming to have access to a minor, or otherwise involve the enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense.

Google declined to produce the requested email correspondence.

The government responded to Google's resistance with a second warrant application, *In the Matter of the Search of Google Email Accounts*, 3:14-mj-00387-KFM (the second warrant application). The second warrant application sought judicial authorization to search the same six Gmail accounts. However, the government reported that Google declined to comply with the first warrant because it lacked the ability to provide email content for only the narrow date ranges. In other words, according to the government, Google was only able (or willing) to produce *everything* in the Gmail accounts, and would not produce content for only a narrow period of time. Consequently, the second warrant application sought access to the entire

*In the Matter of the Search of Google Email Accounts*      Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings      Page 2

Case 3:15-mc-00009-KFM    Document 10    Filed 04/13/15    Page 2 of 10

content of the six Gmail accounts, without any date-range limitation. In a published order, this Court denied the second warrant application as overbroad because it failed to establish probable cause to obtain email content outside the narrow date ranges the accounts were used to respond to the problematic Craigslist advertisements.[2]

Google filed the instant motion in response to the published order.[3] Google contends it resisted the first warrant, not because of the narrow date-range limitation—in fact, Google represents that it "prefers date range limitations," and regularly responds to warrants for email content circumscribed by date range limitations.[4] Rather, Google asserts it objected to the first warrant because it required Google to inspect email content for relevancy and evidentiary value—the warrant directed Google to produce "communications with a minor, a person purporting to be or have access to a minor or which otherwise related to the 'enticement of a minor to engage in sexual activity for which any person can be charged with a criminal offense.'"[5] Google contends that it is not competent to perform such an analysis, and requiring it to do so is unfair and unduly burdensome.[6]

Hence, Google's two requests. First, Google asks for *ex ante* amendments to the first warrant, relieving it of any obligation to inspect email content for relevance and for evidentiary value. Second, Google asks that its motion and any order that follows be unsealed so that Google's rationale for resisting the first warrant is corrected in the public record; Google

---

[2] *In re Search of Google Email Accounts Identified in Attachment A*, 3:14-mj-00387 KFM, 2015 WL 926619, at *7 (D. Alaska March 3, 2015).
[3] Docket No. 2, 3:15-mc-0009-KFM.
[4] *Id.* at 11.
[5] *Id.* at 2 (internal quotation omitted).
[6] *Id.* at 5-7.

*In the Matter of the Search of Google Email Accounts*     Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings     Page 3

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 3 of 10

acknowledges that any unsealing must be done in a manner that does not compromise an ongoing government investigation into suspected sexual exploitation of children.[7]

After Google's filing, the Court identified the United States as an interested party, and directed the Clerk of Court to serve a copy of Google's motion on the government.[8] The Court then invited, but did not require, the government to respond to Google's two requests.[9] Time has expired without a response from the government, and the matter is now ripe for resolution.

### III. ANALYSIS

Title 18 United States Code Section 2703(d) of the Stored Communications Act authorizes a court, upon motion by a service provider such as Google, to modify the terms of a search warrant *ex ante* if compliance with the warrant would be unduly burdensome.[10] Relying on § 2703(d), Google asks the Court to amend the first warrant, relieving it from any requirement to inspect the content of email correspondence for relevance and evidentiary value. Google asserts that such content review of email is a law-enforcement function that cannot properly be delegated to service providers. Google also notes that it is "not steeped in the investigation," and does not

---

[7] After Google's filing, the Court entered an order declaring 3:14-mj-00352-KFM (the first warrant), 3:14-mj-00387-KMF (the second warrant application), and 3:15-mc-00009-KFM (Google's Motions for *Ex Ante* Amendments and Unsealing) to be related cases, *see* Docket No. 9, 3:15-mc-00009-KFM.

[8] Docket No. 8, 3:15-mc-00009-KFM

[9] *Id.*

[10] 18 U.S.C. § 2703(d) ("A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider."), s*ee*, e.g., *In re Facebook, Inc.,* 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) (quashing subpoena as violating the Stored Communications Act, 18 U.S.C.§ 2701, *et. seq.*).

*In the Matter of the Search of Google Email Accounts*  Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings  Page 4

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 4 of 10

have the background, expertise, or resources to sift through email correspondence for content to determine relevancy and evidentiary value under the warrant.[11]

For these reasons, Google asserts that the first warrant is unduly burdensome.[12] It illustrates the burden by pointing out that over the twelve month period between July 2013 and June 2014, Google received 23,113 pieces of legal process from law enforcement agencies seeking information on 39,830 accounts.[13] These legal process requests ran "the gamut from fraud cases, kidnapping and other emergencies, to routine civil and criminal demands for records."[14] To respond to the myriad requests for assistance from law enforcement, Google maintains a "dedicated team" exclusively devoted to responding to legal process requests from law enforcement.[15] Notwithstanding its policy of cooperation, Google asserts that the first warrant goes too far and imposes an undue burden on it because it does not have the resources necessary to review email content for relevance and for evidentiary value in a particular case. Moreover, even if it did have the resources, Google contends that the review of email content for investigative value should remain with law enforcement, should not be delegated to service providers.[16]

These arguments are persuasive. Google is not equipped to determine whether particular content reflects innocent behavior or is evidence of criminal behavior. Indeed, Google, lacking law enforcement expertise, very well may overlook important evidence.[17] And, finally,

---

[11] Docket No. 2 at 5 (quoting *In the Matter of a Warrant for All Content & Other Info. Associated with the Email Account xxxxxxx gmail.com Maintained at Premises Controlled by Google, Inc.*, 33 F. Supp. 3d 386, 395 (S.D.N.Y. 2014)).
[12] Docket No. 3 at 3, 3:15-mc-00009-KFM.
[13] *Id.*
[14] *Id.* at 3-4.
[15] *Id.*
[16] *Id.*
[17] *In the Matter of a Warrant for All Content & Other Info. Associated with the Email Account xxxxxxx gmail.com Maintained at Premises Controlled by Google, Inc.*, 33 F. Supp. 3d at 394-95 (unduly burdensome to require Google to duplicate government's efforts regarding the content of email); *United*

*In the Matter of the Search of Google Email Accounts*     Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings                    Page 5

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 5 of 10

Google should not be burdened with duplicating efforts that ultimately will be repeated by law enforcement once content is disclosed.[18]

This Court readily agrees with Google, particularly given the facts of this case. Here, there was absolutely no reason to ask Google to inspect content. Law enforcement knew precisely when the problematic advertisements were posted, precisely when emails related to the advertisements were exchanged, and the very email addresses that were used to correspond with [Redacted poster]@yahoo.com in apparent response to the problematic advertisement. It is a simple matter to draft a search warrant giving the government access to the content of communications at issue in this case without requiring Google to review that correspondence for content. That warrant need only identify the date range to be searched in each account, with a direction to seize all correspondence between the suspect Gmail account and [Redacted poster]@yahoo.com for the specified date range. Law enforcement then could easily assess the relevance and evidentiary value of the content and, if appropriate, return to the Court seeking broader access to the email accounts at issue.

### IV. *EX ANTE* AMENDMENTS TO SEARCH WARRANT 3:14-mj-00352-KFM (THE FIRST SEARCH WARRANT)

Accordingly, the Court enters the following order *ex ante*, narrowing the scope of the search authorized by search warrant 3:14-mj-00352-KFM. These amendments relieve Google of any obligation to inspect content of the six Gmail accounts, while also providing the government with full access to the content of emails for which its application establishes probable cause.

---

*States v. Deppish*, 994 F. Supp. 2d 1211, 1220 (D. Kan. 2004) ("[H]aving YAHOO technicians search for the information requested would have placed an unreasonable burden on YAHOO.").

[18] *Id.*

*In the Matter of the Search of Google Email Accounts*     Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings                                Page 6

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 6 of 10

A. **Location to Be Searched**

The locations to be searched in accordance with the *ex ante* amendments to search warrant 3:14-mj-00352-KFM are described as follows:

| E-Mail Address to be Searched | Date Range |
|---|---|
| 1. [Redacted 1]@gmail.com | 30 days, from [redacted date] to [redacted date] |
| 2. [Redacted 2]@gmail.com | 30 days, from [redacted date] to [redacted date] |
| 3. [Redacted 3]@gmail.com | 7 days, from [redacted date] to [redacted date] |
| 4. [Redacted 4]@gmail.com | 7 days, from [redacted date] to [redacted date] |
| 5. [Redacted 5]@gmail.com | 8 days, from [redacted date] to [redacted date] |
| 6. [Redacted 6]@gmail.com | 8 days, from [redacted date] to [redacted date] |

all of which are stored at premises owned, maintained, controlled, or operated by Google, Inc., headquartered at 1600 Amphitheatre Parkway, Mountain View, California.

B. **Items to Be Seized**

The following email correspondence shall be seized from the six specifically identified Gmail accounts:

    1. **From [Redacted 1]@gmail.com** – the content of all email correspondence for a 30 day period from [redacted date], to [redacted date], between [Redacted 1]@gmail.com and [Redacted poster]@yahoo.com.

    2. **From [Redacted 2]@gmail.com** – the content of all email correspondence for a 30 day period from [redacted date], to [redacted date], between [Redacted 2@gmail.com] and [Redacted poster]@yahoo.com.

*In the Matter of the Search of Google Email Accounts*  Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings  Page 7

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 7 of 10

3. **From [Redacted 3]@gmail.com** – the content of all email correspondence for a 7 day period from [redacted date] to [redacted date], between [Redacted3]@gmail.com and [Redacted poster]@yahoo.com.

4. **From [Redacted 4]@gmail.com** – the content of all email correspondence for a 7 day period from [redacted date] to [redacted date] between [Redacted 4]@gmail.com and [Redacted poster]@yahoo.com.

5. **From [Redacted 5]@gmail.com** – the content of all email correspondence for an 8 day period from [redacted date] to [redacted date] between [Redacted 5]@gmail.com and[Redacted poster]@yahoo.com.

6. **From [Redacted 6]@gmail.com** – the content of all email correspondence for an 8 day period from [redacted date] to [redacted date] between [Redacted 6]@gmail.com and [Redacted poster]@yahoo.com.

C. **Google Is Not Required to Inspect Email Content**

Search warrant 3:14-mj-0352-KFM will no longer direct Google to inspect any email content seized pursuant to this warrant.

V. **GOOGLE'S REQUEST TO UNSEAL 3:15-mc-00009-KFM**

Finally, Google asks that its application and resulting orders in *In the Matter of the Search of Google Email Accounts*, 3:15-mc-00009-KFM be unsealed so that Google's stance on disclosing email content is corrected in the public record. In support of this request, Google has demonstrated that the government misapprehended Google's reasons for resisting the first warrant in the second warrant application.[19] And, this Court relied on the government's description of

---

[19] Docket No. 2 at 4, 11, 3:15-mc-00009-KFM.

*In the Matter of the Search of Google Email Accounts*   Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings   Page 8

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 8 of 10

Google's position in its published order denying the second warrant application, stating "Google was unable to comply with the warrant as written because the time frame was too narrow . . . ."[20] It now has been shown that Google's objection to the first warrant stemmed not from the narrow date range limitation, but rather from the direction to review content.[21]

The public has a presumed right of access to virtually all proceedings and records in a criminal case.[22] Thus, records in criminal cases historically have been open to the public.[23] The presumption favoring disclosure can be overcome only if (1) sealing serves a compelling interest; (2) there is a substantial probability that, in the absence of sealing, this compelling interest would be harmed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest.[24]

This case involves a sensitive ongoing investigation into the suspected sexual exploitation of children. However, this Court's order denying the second warrant application, as well as Google's pleadings in 3:15-mc-00009-KFM all reflect sensitivity to the one aspect of this case that merits continued protection; namely, details that might compromise the government's ongoing investigation. A review of Google's filings demonstrate nothing contained therein would compromise the government's investigation. Accordingly, the Clerk of Court is hereby directed to unseal all filings and Court orders issued in 3:15-mc-00009-KFM, with one exception. Docket No. 11 in 3:15-mc-00009-KFM, the order setting forth this Court's un-redacted *ex ante* amendments to the search warrant issued in 3:14-mj-00352-KFM contains information which, if

---

[20] *In re Search of Google Email Accounts Identified in Attachment A*, 2015 WL 926619, *3 (D. Alaska March 3, 2015).
[21] *Id.*
[22] *Seattle Times Co. v. U.S. Dist. Court for W. Dist. Of Washington*, 845 F.2d 1513, 1516 (9th Cir. 1988).
[23] *United States v. Index Newspapers LLC,* 766 F.3d 1072, 1096 (9th Cir. 2014).
[24] *Press-Enter. Co. v. Superior Court of California for Riverside Cnty.,* 478 U.S. 1, 13-14 (1986).

*In the Matter of the Search of Google Email Accounts*     Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings     Page 9

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 9 of 10

publicly available, could compromise the government's investigation. Consequently Docket No. 11 in 3:15-mc-00009-KFM shall remain sealed.

## VI. CONCLUSION

For all the reasons set forth above, this order grants Google's request for *ex ante* amendments to the search warrant issued in 3:14-mj-00352-KFM as set forth above, and absolves Google from any responsibility to review email content when responding to the warrant  A separate contemporaneous order filed under seal at Docket No. 11 in 3:15-mc-00009-KFM outlines without redaction this Court's *ex ante* amendments to the search warrant issued in 3:14-mj-00352-KFM. The Clerk of Court is directed to serve the order at Docket No. 11 in 3:15-mc-00009-KFM on Google and on the government. Finally, the Clerk of Court is directed to unseal all pleadings and orders filed in connection with 3:15-mc-00009-KFM, with the exception of Docket No. 11, which shall remain sealed. Numbers 3:14-mj-00352-KFM and 3:14-mj-00387-KFM shall remain sealed, with the exception of this Court's order at Docket No. 2 in 3:14-mj-00387-KFM, which was never sealed.

DATED this 13th day of April, 2015, at Anchorage, Alaska.

/s/ Kevin F. McCoy  
Kevin F. McCoy  
United States Magistrate Judge

*In the Matter of the Search of Google Email Accounts*     Case Nos. 3:14-mj-00352 KFM & 3:14-mc-00009-KFM  
Order Granting *Ex Ante* Amendments to Search Warrant and Unsealing of Filings     Page 10

Case 3:15-mc-00009-KFM   Document 10   Filed 04/13/15   Page 10 of 10